# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| LUANN BACKLUND, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| B & T FINANCIAL SERVICES, LLC, ) | **JURY TRIAL DEMAND** |
| THOMAS CLARK, and BARBARA ) | |
| SISCO, ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, and alternatively, the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Luann Backlund ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Mecklenburg, and City of Mecklenburg.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Defendant, B & T Financial Services, LLC ("B & T") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), N.C. Gen. Stat. § 58-70-90(3), and N.C. Gen. Stat. § 75-50(2).

7. B & T is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. B & T is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Alternatively, B & T is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

10. Defendants, Thomas Clark ("Mr. Clark") and Barbara Sisco ("Ms. Sisco") are individuals who at all relevant times were engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Mr. Clark and Ms. Sisco were regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

12. Mr. Clark and Ms. Sisco were personally involved in the collection of Plaintiff's debt.

13. Mr. Clark and Ms. Sisco were materially involved in the collection of Plaintiff's debt.

14. Mr. Clark and Ms. Sisco materially participated in B & T Financial Services, LLC's debt collection activities.

15. Mr. Clark and Ms. Sisco were involved in the day-to-day operations of B & T Financial Services, LLC's debt collection business.

16. Mr. Clark and Ms. Sisco exercised control over the affairs of B & T Financial Services, LLC's debt collection business.

**FACTUAL ALLEGATIONS**

17. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

18. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a credit card used for personal purposes.

19. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

3

20. Upon information and good-faith belief, Mr. Clark is the President of B & T.

21. Upon information and good-faith belief, Ms. Sisco is another LLC member of B & T.

22. Upon information and good-faith belief, Mr. Clark and Ms. Sisco exercise control over the day to day operations of B & T from their principal residence.

23. Upon information and good-faith belief, by occupying positions with B & T of critical importance, Mr. Clark and Ms. Sisco exercised significant control over the affairs of a debt collection business through B &T and were at all relevant times engaged, directly or indirectly, in the collection of debts through involvement in the affairs of B & T.

24. In connection with the collection of an alleged debt in default (the "Debt"), B & T placed a call to Plaintiff's telephone number on July 9, 2012 at 4:57 P.M., and at such time, left the following voicemail message:

> Ms. Backlund, this is Mr. Green calling from B & T Financial Services. Uh, somehow we lost contact with you. Uh, my manager, sig . . . uh, uh informed me that you wanted to try and resolve this. You needed about ten days. Uh, we need to speak with you indeed, uh tomorrow before 12 noon if that's the case. And if you want the time in order to try and get this resolved. If not, if I don't hear back from you we'll assume that you don't want to resolve this voluntarily and we'll go ahead and forward it out. 301-355-6951 Mr. Green.

25. In its July 9, 2012 voicemail message, B & T failed to notify Plaintiff that the communication was from a debt collector.

26. In failing to disclose that the communication was from a debt collector, in its July 9, 2012 voicemail message, B & T failed to meaningfully disclose its identity to Plaintiff.

27. In connection with the collection of the Debt, B & T placed a call to Plaintiff's telephone on July 11, 2012 at 4:57 P.M., and at such time, left a voicemail message containing four (4) seconds of white noise.

28. In its June 11, 2012 voicemail message, B & T failed to notify Plaintiff that the communication was from a debt collector.

29. In failing to disclose that the communication was from a debt collector, in its June 11, 2012 voicemail message, B & T failed to meaningfully disclose its identity to Plaintiff.

30. In connection with the collection of the Debt, B & T placed a call to Plaintiff's telephone on July 16, 2012 at 10:41 A.M., and at such time, left the following voicemail message:

> Yeah, this message is for Louann Backlund. Uh, Ms. Backlund this is Mr. Green calling from B & T Financial Services, uh, regarding the account, uh, that was originally with Bank of America. Uh, ya indicated that you would like to take care of this matter, and we was expecting to hear back from you on Friday. Uh, please give me a call. Today is Monday the 16th of July. 301-355-6951.

31. In its June 16, 2012 voicemail message at 10:41 A.M., B & T failed to notify Plaintiff that the communication was from a debt collector.

5

Case 3:12-cv-00644-GCM   Document 1   Filed 09/28/12   Page 5 of 20

32. In failing to disclose that the communication was from a debt collector, in its June 16, 2012 voicemail message at 10:41 A.M., B & T failed to meaningfully disclose its identity to Plaintiff.

33. In connection with the collection of the Debt, B & T placed a call to Plaintiff's telephone on July 16, 2012, at 10:43 A.M., and at such time, left the following voicemail message:

> Yeah, this message is for Louann Backlund. Uh, Ms. Backlund please contact Kyle Green at 301-355-6951.

34. In its June 16, 2012 voicemail message at 10:43 A.M., B & T failed to notify Plaintiff that the communication was from a debt collector.

35. In failing to disclose that the communication was from a debt collector, in its June 16, 2012 voicemail message at 10:43 A.M., B & T failed to meaningfully disclose its identity to Plaintiff.

36. B & T failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

37. By attempting to collect a debt from Plaintiff, a resident of the State of North Carolina, B & T represented and/or implied that it was licensed to collect debts in the State of North Carolina.

38. Upon information and good-faith belief, B & T did not apply for and did not obtain the permit provided by N.C. Gen. Stat. § 50-70-1 prior to attempting to collect an alleged debt from Plaintiff.

39. B & T is not a licensed collection agency in the State of North Carolina pursuant to Chapter 58, Article 70, N.C. Gen. Stat.

40. Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

41. Plaintiff repeats and re-alleges each and every allegation above.

42. B & T violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

43. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

44. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt

7

collection business.

> WHEREFORE, Plaintiff prays for relief and judgment, as follows:
>
> a) Adjudging that Defendants violated 15 U.S.C. § 1692d(6);
>
> b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;
>
> c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;
>
> d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;
>
> e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;
>
> f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(5)

45. Plaintiff repeats and re-alleges each and every allegation above.

46. B & T violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including by attempting to collect a debt without the collection agency permit required by Chapter 58, Article 70, N.C. Gen. Stat.

47. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day

supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

48. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

9

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

49. Plaintiff repeats and re-alleges each and every allegation above.

50. B & T violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including but not limited to misrepresenting that it was a properly licensed collection agency in North Carolina in attempting to collect a debt from Plaintiff.

51. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

52. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(11)

53. Plaintiff repeats and re-alleges each and every allegation above.

54. B & T violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

55. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt

11

collection business.

56. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692f

57. Plaintiff repeats and re-alleges each and every allegation above.

58. Without limitation, the FDCPA prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

59. It is the express purpose of the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

60. By requiring collection agencies to be licensed, among other requirements contained in Chapter 58, Article 70, N.C. Gen. Stat., North Carolina has taken action consistent with the FDCPA's animating purpose to protect consumers.

61. Defendants' unlicensed conduct is unfair, not only to the victims of the debt collector's illegal collection activity, but to other collection agencies who refrain from using illegal collection methods, who are thus competitively disadvantaged. *See* 15 U.S.C. § 1692(e).

62. B & T violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff by attempting to collect a debt without complying with North Carolina's licensing

13

and other requirements.

63. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

64. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)

65. Plaintiff repeats and re-alleges each and every allegation above.

66. B & T violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

67. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

68. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of

15

Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. § 58-70-95(8)

69. Plaintiff repeats and re-alleges each and every allegation above.

70. B & T violated N.C. Gen. Stat. § 58-70-95(8) by threatening to take any action not permitted by law against Plaintiff.

71. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the

16

collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

72.     Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 58-70-95(8);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF N.C. GEN. STAT. § 58-70-110(2)

73. Plaintiff repeats and re-alleges each and every allegation above.

74. B & T violated N.C. Gen. Stat. § 58-70-110(2) by failing to disclose in subsequent communications that the communication is from a debt collector, when that communication is not a formal pleading made in connection with legal action.

75. Mr. Clark is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of B & T's debt collection business, his responsibility for day-to-day supervision of B & T's debt collector employees, his personal involvement in the collection of Plaintiff's alleged debt, his material involvement in the collection of Plaintiff's alleged debt, and his exercise of control over the affairs of B & T's debt collection business.

76. Ms. Sisco is personally liable for B & T's conduct, absent the need to pierce the corporate veil, as a result of her involvement in the day-to-day management of B & T's debt collection business, her responsibility for day-to-day supervision of B & T's debt collector employees, her personal involvement in the collection of Plaintiff's alleged debt, her material involvement in the collection of Plaintiff's alleged debt, and her exercise of control over the affairs of B & T's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated N.C. Gen. Stat. § 58-70-110(2);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

77. Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 28th day of September, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>***Weisberg & Meyers, LLC***
>5025 N. Central Ave. #602
>Phoenix, AZ 85012